IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRANCE G. WILKINS,       § | |
| § | |
| Petitioner,       § | |
| § | |
| v.       § | No. 3:19-cv-01873-N (BT) |
| § | |
| DIRECTOR, TDCJ-CID,       § | |
| § | |
| Respondent.       § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Terrance G. Wilkins, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Wilkins's petition as barred by limitations.

I.

In 2010, Wilkins was charged with capital murder in the Criminal District Court No. 6 of Dallas County, Texas. *See State of Texas v. Wilkins*, Case Number F-10-62224-X. He pleaded not guilty, but a jury convicted him. He was then sentenced to life imprisonment without parole. The state court entered judgment on December 5, 2011.

Wilkins filed a motion for a new trial, which the trial court granted on January 25, 2012. Thereafter, the State appealed. On February 4, 2014, the Fifth Court of Appeals vacated the trial court's order granting Wilkins's motion for a new trial, but it found that it lacked jurisdiction to address the points of his cross-appeal. *See State v. Wilkins*, No. 05-12-00154-CR, 2014 WL 465820 (Tex. App. –Dallas). The Texas Court of Criminal Appeals (CCA) refused Wilkins's petition for discretionary review (PDR). *See Wilkins v. State*, No. PD-0262-14 (Tex. Crim. App. May 7, 2014).

Wilkins appealed his conviction, but it was affirmed on August 4, 2015. *See Wilkins v. State*, No. 05-14-01365-CR, 2015 WL 4628214 (Tex. Crim. App.—Dallas). The CCA refused Wilkins's PDR on November 4, 2015. *See Wilkins v. State*, No. PD-1122-15 (Tex. Crim. App. Nov. 4, 2015).

Wilkins filed two state applications for habeas corpus relief. The first was filed on October 20, 2016. On November 1, 2017, it was denied without written order on the findings of the trial court. The second was filed on August 17, 2018, and it was dismissed as a subsequent application on November 21, 2018.

On July 31, 2019, Wilkins filed his § 2254 petition (ECF No. 3) in this Court.[1] He argues:

---

[1] A prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Here, Wilkins signed and dated his petition July 31, 2019. Pet. 10 (ECF No.

    (1) the prosecutor engaged in prosecutorial misconduct through "promissory estoppel";

    (2) his attorney provided ineffective assistance of counsel when he committed due process violations;

    (3) the appellate court lacked jurisdiction to vacate the trial court's decision to grant his motion for a new trial; and

    (4) he was not afforded the "[o]pportunity to present a complete defense."

Respondent filed an answer arguing that Wilkins's petition should be dismissed with prejudice because it is time-barred. The issues are thus fully-briefed, and Wilkins's claims are ripe for adjudication.

II.

**A.  Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[2] Here, the state court entered judgment

---

3). The Court presumes Wilkins gave his petition to prison officials on the same date for mailing to the Clerk.

[2] The statute provides that the limitations period shall run from the latest of--

3

in Wilkins's case on December 5, 2011. On January 25, 2012, the trial court granted Wilkins's motion for a new trial. Then, on February 4, 2014, the Fifth Court of Appeals vacated the trial court's order. On August 4, 2015, the Fifth Court of Appeals of Texas affirmed Wilkins's conviction on appeal. On November 4, 2015, the CCA refused to issue a PDR. Therefore, at the latest, Wilkins's conviction became final on February 2, 2016, when the time for filing a petition for writ of certiorari expired. *See* Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Wilkins then had one year, until February 2, 2017, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). He did not file his petition in this Court until July 31, 2019, more than *two years* after the deadline expired. Wilkins's petition is therefore untimely.

Wilkins filed two state habeas applications, which generally toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *Broussard v. Thaler*, 414 F. App'x 686, 687-88 (5th Cir. 2011) (per curiam) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (quoting 28 U.S.C. § 2244(d)(2)). With the first state habeas application, Wilkins filed it on October 20, 2016. The CCA denied it without written order on November 1, 2017. Accordingly, Wilkins's first state habeas application tolled the limitation period for 378 days. On November 26, 2017, Wilkins filed a motion for extension of time to file a motion for hearing. The motion was denied on December 21, 2017, and this tolled the limitations period an additional twenty-six days. The two periods extended the resulting deadline only to March 13, 2018. *See Hooks v. Quarterman*, 224 F. App'x 352, 353 (5th Cir. 2007) (per curiam) ("When a motion for rehearing is properly filed within the § 2244(d) limitations period, that period is tolled from the date

5

of the habeas denial, as if the motion for rehearing is a further step in the state habeas process.") (citing *Lookingbill v. Cockrell,* 293 F.3d 256, 261 (5th Cir.2002)). With the second state habeas application, it was filed on August 17, 2018, over five months after the limitations period had expired. Because Wilkins's second state habeas application was filed after his conviction was final, it did not toll the limitations period. *See Flores v. Quarterman,* 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until . . . more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott,* 227 F.3d at 263) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period)).

B.  **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis,* 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary

6

way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Wilkins's § 2254 petition includes the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition." Pet. 9 (ECF No. 3). Wilkins responded:

> Im [sic] not certain if i'm [sic] time barred, but after my conviction I was held in Dallas County an additional 3 years on a blue warrant. And without going to court the judge waived my probation and sent me to [the Texas Department of Criminal Justice]. Dallas County law library generally doesn't deal with post conviction.

*Id.*

Wilkins has failed to demonstrate that his case is "rare and exceptional". *See Davis*, 158 F.3d at 811. Specifically, the explanation in his petition fails to show that he was actively misled about the cause of action or otherwise prevented in some extraordinary way from asserting his rights. *See Coleman*, 184 F.3d at 402. Wilkins argues that he "was held in Dallas County an additional 3 years on a blue warrant" after was convicted, and the Dallas County law library "generally doesn't deal with post conviction." Pet.

7

3 ([ECF No. 9](#)). However, he was convicted on December 5, 2011, and his conviction became final until February 2, 2016, when the time for filing a petition for writ of certiorari expired. *See* Sup. Ct. R. 13.1. Consequently, Wilkin's AEDPA limitations period only began *after* the three years he complains about. Wilkins filed his first state habeas application on October 20, 2016, and he does not argue he had insufficient access to the law library at that time. In sum, Wilkins fails to state a sufficient basis for applying equitable tolling. *See [Felder v. Johnson,](#)* [204 F.3d 168, 171 (5th Cir. 2000)](#) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *[Turner v. Johnson,](#)* [177 F.3d 390, 392 (5th Cir. 1999)](#) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Wilkins also fails to show that he acted with diligence in pursuing his rights. *See [Pace v. DiGuglielmo,](#)* [544 U.S. 408, 418-19 (2005)](#) (holding the petitioner failed to establish act with the requisite diligence); *see also [Menominee Indian Tribe of Wisconsin v. United States,](#)* [577 U.S. 250, 256-57 (2016)](#). In this case, Wilkins waited more than eleven months after the CCA refused his PDR on November 4, 2015, before he filed his first state habeas application on October 20, 2016. Then, he waited more than a year, until November 26, 2017, before filing an extension to file a motion for rehearing. There was more than nine months of delay between the denial of

8

the first state habeas application on November 1, 2017, and the date when he filed the subsequent state habeas application on August 17, 2018. Finally, Wilkins waited another eight months after his subsequent state habeas application was dismissed on November 21, 2018, before he filed his federal habeas petition in this Court on July 31, 2019. The claims Wilkins raises in his federal petition do not rely on new facts or evidence not available to him when he was convicted or within a manner to allow him to timely pursue these claims. Therefore, Wilkins has failed to demonstrate that he has pursued his claims diligently to justify equitable tolling. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) ("[E]quity is not intended for those who sleep on their rights."); *see also Hill v. Johnson*, 265 F.3d 1059, at *1 (5th Cir. 2001) (per curiam); *Fisher*, 174 F.3d at 715.

In sum, Wilkins fails to meet his burden of demonstrating that equitable tolling is warranted. *See Phillips*, 216 F.3d at 511. Consequently, he is not entitled to equitable tolling.

### C. Actual Innocence

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."[3] *McQuiggin v. Perkins*, 569 U.S.

---

[3] *House v. Bell*, 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995).

383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* Wilkins does not argue that he is actually innocent. Likewise, he fails to come forward with new evidence or an argument demonstrating that "no reasonable juror would have convicted him." *Id.* For these reasons, Wilkins has failed to demonstrate that actual innocence serves as a gateway through which his time-barred petition can pass. His petition is time-barred and should therefore be dismissed with prejudice.

III.

The Court should DISMISS Wilkins's *pro se* petition for a writ of habeas corpus with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

Signed March 15, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.